

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 18, 1977

Hon. Joe A. Hubenak, Chairman
House Committee on Agriculture
   and Livestock
Texas House of Representatives
State Capitol
Austin, Texas 78701

Opinion No. H-1024

Re: Authority of counties
bordering Gulf of Mexico or
its tidewater limits to enact
flood control regulations
under article 1581e-1, V.T.C.S.

Dear Chairman Hubenak:

You have asked whether a county bordering the Gulf of
Mexico or its tidewater limits is authorized by article 1581e-1,
V.T.C.S., to enact flood control regulations governing all areas
of the county subject to flooding, or if regulations so enacted
are applicable only to areas subject to flooding by the Gulf of
Mexico or its tidal waters. Article 1581e-1 was enacted by the
Legislature in 1969. Like article 8280-13, V.T.C.S., article
1581e-1 was enacted for the purpose, inter alia, of permitting
political subdivisions of the State to enact regulations neces-
sary to participate in the National Flood Insurance Program.
See 42 U.S.C. §§ 4001-4128; Attorney General Opinions H-1011,
H-978 (1977). Unlike article 8280-13, however, article 1581e-1
applies only to counties bordering on the Gulf of Mexico or the
tidewater limits thereof. Article 1581e-1 is also dissimilar
from article 8280-13 in that it contains no deadline for counties
to qualify for participation in the National Flood Insurance Pro-
gram. Cf. Attorney General Opinion H-1011 (1977) (a county has
no present authority to enact land use regulations for flood-
prone areas under article 8280-13 unless it qualified for par-
ticipation in the National Flood Insurance Program by June 30,
1970).

Article 1581e-1 thus authorizes counties bordering the
Gulf of Mexico or its tidewaters to qualify for participa-
tion in the federal flood insurance program at any time, but
limits the geographical coverage of flood control regulations
promulgated by such counties to "flood, or rising water prone,
areas." Section 4 of article 1581e-1 provides:

> The commissioners court of any such county shall have the power and authority to enact and enforce regulations which regulate, re-strict, or control the management and use of land, structures, and other development in flood, or rising water prone, areas in such a manner as to reduce the danger of damage caused by flood losses. This power and authority may include, but shall not be limited to, requirements for flood-proofing of structures which are permitted to remain in, or be constructed in, flood or rising water prone, areas; regulations concerning minimum elevation of any structure permitted to be erected in, or improved in, such areas; specifications for drainage; and any other action which is feasible to minimize flooding and rising water damage.

(Emphasis added). A "flood, or rising water prone, area" is defined by section 3 as

> an area that is subject to or exposed to flooding by the Gulf of Mexico or its tidal waters, including lakes, bays, inlets, and lagoons, which results in damage to land or property.

We believe these provisions of article 1581e-1 limit the power of the commissioners court to enacting regulations appli-cable to areas subject to flooding by the Gulf of Mexico or its tidal waters, including lakes, bays, inlets and lagoons, and do not make those regulations applicable to all areas of the county. Our conclusion is supported by an examination of the legisla-tive history of article 1581e-1. As originally introduced, the bill which was ultimately enacted as article 1581e-1 provided:

> The term "flood, or rising water prone, area" as used in this Act means areas that are subject to or exposed to flooding by waters and consequential damages.

Senate Bill 734, 61st Leg., Reg. Sess., § 2. The Senate Com-mittee on Insurance amended the bill to substitute the more limited definition of "flood, or rising water prone, area" found in section 3 of article 1581e-1. The amended bill then

passed both houses of the Legislature unanimously. We think
it clear that the action of the Senate Committee was intended
to limit the geographical scope of regulations promulgated
pursuant to article 1581e-1 to areas subject to flooding by
the Gulf of Mexico or its tidal waters, including lakes, bays,
inlets and lagoons.

Section 2 of article 1581e-1, however, empowers the com-
missioners court of the affected county to determine the
boundaries of such areas. Section 2 provides:

> Any county bordering on the Gulf of
> Mexico or the tidewater limits thereof
> may determine and describe the bound-
> aries of flood, or rising water prone,
> areas. The suitability of such deter-
> mination shall be conclusively estab-
> lished when the commissioners court of
> such county shall have made a finding
> in a resolution passed by it that an
> area or areas located within the bound-
> aries of such county are flood, or rising
> water prone, areas.

(Emphasis added). Thus, the commissioners court of a county
bordering the Gulf of Mexico or its tidewater limits may con-
clusively determine the geographical scope of its powers
under article 1581e-1 through a resolution finding the bound-
aries of flood or rising water prone areas. Cf. Texas Highway
Commission v. El Paso Building and Construction Trades Council,
234 S.W.2d 857 (Tex. 1950) (statute making determination of
the Highway Commission as to general prevailing wage "final"
made Commission's decision not subject to review by the courts).

## S U M M A R Y

> The commissioners court of a county bor-
> dering the Gulf of Mexico or its tide-
> waters is authorized by article 1581e-1,
> V.T.C.S., to enact land use regulations
> applicable only to areas subject to flooding
> by the Gulf of Mexico or its tidal waters,
> including lakes, bays, inlets and lagoons.
> The commissioners court may conclusively
> establish the limits of such areas by making
> findings in a resolution passed by it.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw